Todd B. Scherwin (SBN 239848)
E-Mail: tscherwin@fisherphillips.com
Danielle S. Zobel (SBN 305311)
E-Mail: dzobel@fisherphillips.com
Lirit A. King (SBN 252521)
E-Mail: lking@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street
Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
KEHE DISTRIBUTORS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH CALDERON, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEHE DISTRIBUTORS, INC., a Delaware corporation; and DOES 1 through 50,<br><br>Defendants. | CASE NO.:<br><br>*(Previously San Bernardino County Superior Court, Case No. CIVRS2502511)*<br><br>**DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446**<br><br>Complaint Filed: April 16, 2025<br>Trial Date:      None Set |

1

FP 55349443.1

1

## <u>TABLE OF CONTENTS</u>

2
**Page**

3
I.    FACTUAL AND PROCEDURAL BACKGROUND .................................. 1

4
II.   STATEMENT OF JURISDICTION .............................................................. 3

5
III.  PUTATIVE CLASS EXCEEDS 100 CLASS MEMBERS ......................... 6

6
IV.   AMOUNT IN CONTROVERSY ................................................................. 7

V.    FEDERAL QUESTION JURISDICTION ................................................ 11

7
VI.   ALL    OTHER    REQUIREMENTS    FOR    REMOVAL    ARE

8
      SATISFIED .................................................................................................... 14

VII.  CONCLUSION .............................................................................................. 15

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446

FP 55349443.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brady v. Mercedes-Benz USA, Inc.*,
    243 F.Supp.2d 1004 (N.D. Cal. 2002) ...........................................................7

*Bryant v. Ford Motor Co.*,
    886 F.2d 1526 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990) .................6

*California Dep't of Water Resources v. Powerex Corp.*,
    533 F.3d 1087 (9th Cir. 2008) .......................................................................14

*Caterpillar, Inc. v. Williams*,
    482 U.S. 386 (1987) .......................................................................................13

*Cortez v. Purolator Air Filtration Prod. Co.*,
    23 Cal. 4th 163 (2000) ...................................................................................10

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    574 U.S. 81 (2014) ...................................................................................3, 4, 8

*Firestone v. Southern Cal. Gas Co.*,
    281 F.3d 801 (9th Cir. 2002) .........................................................................13

*Fristoe v. Reynolds Metals, Co.*,
    615 F.2d 1209 (9th Cir. 1980) .........................................................................2

*Fukuchi v. Stein Mart, Inc.*,
    No. CV 19-8266-MWF, 2019 WL 8756866 (C.D. Cal. 2019) ....................3, 4

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) .........................................................................7

*Garnett v. ADT LLC*,
    74 F.Supp.3d 1332 (E.D. Cal. 2015) ...............................................................3

*Guglielmino v. McKee Foods Corp.*,
    506 F.3d 696 (9th Cir. 2007) ...........................................................................7

*Hertz Corp. v. Friend*,
    559 U.S. 77, 130 S. Ct. 1181 (2010) ...........................................................5, 6

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446
FP 55349443.1

*Ibarra v. Manheim Investments, Inc.*,
   775 F.3d 1193 (9th Cir. 2015) ........................................................................ 3

*Jackson v. CEVA Logistics*,
   No. 19-CV-07657-LHK, 2020 WL 1967208 (N.D. Cal. Apr. 24,
   2020) ................................................................................................................ 3

*Jackson v. Southern Cal. Gas Co.*,
   881 F.2d 638 (9th Cir. 1989) ........................................................................ 14

*Jeremiah Calderon et al., v. KeHE Distributors*,
   Case No. CIVRS2502511 ("State Court Action" or "Complaint") ................. 1

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) .......................................................................... 5

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ........................................................................ 5

*LaCross v. Knight Transp. Inc.*,
   775 F.3d 1200 (9th Cir. 2015) ........................................................................ 8

*Lewis v. Verizon Commc'ns, Inc.*,
   627 F.3d 395 (9th Cir. 2010) ........................................................................ 11

*Lingle v. Norge Div. Of Magic Chef*,
   486 U.S. 399 (1988) ...................................................................................... 13

*McCormick v. AT&T Technologies, Inc.*,
   934 F.2d 531 ( 4th Cir. 1991 ) ...................................................................... 14

*Mejia v. DHL Express (USA), Inc.*,
   2015 WL 2452755 (C.D. Cal. May 21, 2015) ............................................. 8, 9

*Mondragon v. Cap. One Auto Fin.*,
   736 F.3d 880 (9th Cir. 2013) ....................................................................... 4, 5

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ........................................................................................ 2

*Murphy v. Kenneth Cole Productions, Inc.*,
   40 Cal.4th 1094 (2007) ................................................................................. 10

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446

FP 55349443.1

*Pineda v. Bank of Am., N.A.*,
   50 Cal.4th 1389 (2010)......................................................................10

*Polizzi v. Cowles Magazines, Inc.*,
   345 U.S. 663 (1953) .........................................................................14

*Salter v. Quality Carriers, Inc.*,
   974 F.3d 959 ....................................................................................8

*Saulic v. Symantec Corp.*,
   2007 WL 5074883 (C.D. Cal. 2007) ..................................................8

*Serrano v. 180 Connect, Inc.*,
   478 F.3d 1018 (9th Cir. 2007)............................................................3

*Strotek Corp. v. Transport Ass'n of America*,
   300 F.3d 1129 (9th Cir. 2002).............................................................5

**Statutes**

28 U.S.C. §1331.............................................................................11, 14

28 U.S.C. §1337.............................................................................11, 14

28 U.S.C. §1367...................................................................................14

28 U.S.C. §1441............................................................................*passim*

28 U.S.C. §1446............................................................................*passim*

29 U.S.C. §152......................................................................................11

29 U.S.C. §185......................................................................................11

Cal. Bus. & Prof. Code §§ 17200, et seq................................................2

Cal. Lab. Code §§ 201–203 ...................................................................2

Cal. Lab. Code §§ 204, 510, 1194, and 1198 ........................................1

Cal. Lab. Code § 226 .............................................................................2

Cal. Lab. Code §§ 226.7, 512, and 558 .................................................2

California's Unfair Competition Law ("UCL") ......................................10

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446
FP 55349443.1

Class Action Fairness Act, 28 U.S.C. §1332 ("CAFA")...............................*passim*

Labor Management Relations Act of 1947 ("LMRA")............................11, 13, 14

**Other Authorities**

Federal Rules of Civil Procedure Rule 8(a) .............................................................3

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446

FP 55349443.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JEREMIAH CALDERON AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT DEFENDANT KEHE DISTRIBUTORS, INC. ("KEHE") through its undersigned counsel, hereby respectfully removes this action filed by Plaintiff JEREMIAH CALDERON ("Plaintiff" or "CALDERON") from the Superior Court of the State of California, in and for the County of Riverside (the "State Court"), to the United States District Court for the Central District of California (Eastern Division). This removal is based on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) and is timely under 28 U.S.C. § 1446. This Court has jurisdiction over the claims asserted in this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). This Notice of Removal is supported by the accompanying Declarations of Justin Mallot ("Mallot Decl.") and Lupe Huerta ("Huerta Decl.") and supporting exhibits filed concurrently herewith.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On April 16, 2025, Plaintiff, as an individual and on behalf of himself and all others similarly situated, filed an unverified Complaint ("Complaint") in the Superior Court of the State of California, County of San Bernardino, against Defendant KEHE DISTRIBUTORS, INC. ("KEHE" or "Defendant") initiating the civil action entitled *Jeremiah Calderon et al., v. KeHE Distributors*, Case No. CIVRS2502511 ("State Court Action" or "Complaint").

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as **Exhibit ("Ex.") 1** to the Declaration of Lirit A. King ("King Decl."). The allegations of the Complaint are incorporated by reference in this Notice of Removal without admission or agreement of the truth of any of them.

3. In his Complaint, Plaintiff alleges five class-wide causes of action against Defendant: (1) Overtime Wage Violations (Cal. Lab. Code §§ 204, 510,

1194, and 1198); (2) Meal Period Violations (Cal. Lab. Code §§ 226.7, 512, and 558); (3) Wage Statement Penalties (Cal. Lab. Code § 226); (4) Waiting Time Penalties (Cal. Lab. Code §§ 201–203); and (5) Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, et seq.).  *See* **Ex. 1**.  Plaintiff seeks compensatory damages, statutory penalties, restitution, prejudgment interest, and attorneys' fees and costs.  *Id.*, Prayer for Relief at ¶¶ 1–26.

4.      The Complaint also names as defendants "DOES 1 through 50." Defendant is informed and believes, and on that basis alleges, that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint.  Therefore, the fictitiously named defendants are not parties to the above-captioned action and need not consent to removal.  *See Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. §1441(a).  No further proceedings have been had in the state court as of the date of this Notice.

5.      A true and correct copy of Plaintiff's proof of service of the Summons and Complaint and related papers filed in the State Lawsuit is attached hereto and incorporated herein by reference as **Ex. 2** to King Decl.

6.      A true and correct copy of Defendant's Answer to the Complaint, which Defendant filed and served on July 1, 2025, is attached hereto and incorporated herein by reference as **Ex. 3** to King Decl.  By signing this Notice of Removal, counsel for KEHE verifies that the items attached as **Exhibits 1–3** are true and complete copies of the process, pleadings, and orders in the State Court Action.

7.      This removal is timely filed as required by 28 U.S.C. section 1446(b) because it has been filed within 30 days of the date of first service of the State Court Action on KEHE, which was June 2, 2025, and within one year of the date the State Court Action was filed.  A Notice of Removal is timely when filed within 30 days of service.  *See, e.g., Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).  As such, the last day to file this removal is Wednesday July 2,

2

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446

FP 55349443.1

2025.  Accordingly, Defendant has filed this Notice within the proper timeframe.

## STATEMENT OF JURISDICTION

8.    **Basis of Jurisdiction.**  This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(d).  As set forth below, 28 U.S.C. section 1332(d) grants district courts original jurisdiction over civil actions in which the putative class contains at least 100 class members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000 in the aggregate for the entire class, exclusive of interest and costs.  This case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.  *See* 28 U.S.C. §§ 1332, 1441, and 1446.

9.    Although the burden rests on the removing party to demonstrate that CAFA's jurisdictional requirements are met, the party opposing jurisdiction under CAFA bears the burden of demonstrating that any exception to CAFA jurisdiction applies.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022–24 (9th Cir. 2007).  Simply put, this case satisfies CAFA's requirements.

10.    **Notices of Removal are Subject to a Liberal Pleading Standard.**  In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that, accordingly, such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014) (quoting 28 U.S.C. § 1446(a)).  This governing principle also applies to a removing party's allegations as to the amount in controversy.  *Id.*; *Garnett v. ADT LLC*, 74 F.Supp.3d 1332, 1334 (E.D. Cal. 2015); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196–97 (9th Cir. 2015); *Jackson v. CEVA Logistics*, No. 19-CV-07657-LHK, 2020 WL 1967208, at *8 (N.D. Cal. Apr. 24, 2020); *Fukuchi v. Stein Mart, Inc.*, No. CV 19-8266-MWF (RAOx), 2019 WL 8756866 at *3 (C.D. Cal. 2019).  Only if the Court, or another

1  party, contests the allegations of removability must the removing party submit

2  evidence supporting its allegations, whereupon removability is decided under a

3  preponderance of the evidence standard. *Id*.

4       11.    There is no "presumption against removal" when a defendant seeks to

5  remove pursuant to the CAFA. *Dart Cherokee Basin Operating Co.*, 574 U.S. at

6  89. This putative class action satisfies all the jurisdictional requirements under

7  CAFA. The allegations in the Complaint and the attached declarations demonstrate

8  that: (1) the parties are minimally diverse; (2) the proposed class consists of 100 or

9  more members; (3) the amount in controversy exceeds the $5,000,000

10  jurisdictional threshold; (4) the primary defendants are not States, State officials,

11  or other governmental entities against whom the district court may be foreclosed

12  from ordering relief; and (5) the exceptions to CAFA jurisdiction do not apply here.

13  *See* 28 U.S.C. § 1332(d).

14       12.    **Sufficient Minimal Diversity.** The parties are diverse, as they are,

15  and were at all relevant times, citizens of different states. 28 U.S.C. §

16  1332(d)(2)(A). Diversity of citizenship exists in this matter because KEHE is now,

17  and at all times since the filing of the State Court Action has been, incorporated in

18  the State of Delaware, and at all such times its principal place of business is, and

19  has been, in Naperville, in the State of Illinois. Mallot Decl. ¶ 2. At all such times,

20  Plaintiff is and has been a California resident and citizen and asserts his claims on

21  behalf of a putative class of former and current employees who performed work for

22  Defendant within the State of California. **Ex. 1** at ¶ 16. It is reasonable to infer that

23  at least one member of the putative class is domiciled in and, thus, a citizen of

24  California. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 881–82 (9th Cir.

25  2013) ("A pure inference regarding the citizenship of prospective class members

26  may be sufficient if the class is defined as limited to citizens of the state in

27  question").

28       13.    **Plaintiff's Citizenship.** Based on the allegations in Plaintiff's

4

Complaint, Plaintiff was a citizen and resident of the State of California at the time this action commenced and remains so at the time of this removal.  **Ex. 1** at ¶ 3. The presumption of continuing domicile provides a legal presumption that Plaintiff is still a resident of the State of California.  *Mondragon*, 736 F.3d at 885–86 ("a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted.... This presumption has been widely accepted, including by this [the Ninth] circuit").   For removal purposes, citizenship is measured both when the action is filed and removed.  *Strotek Corp. v. Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  For diversity purposes, a person is a citizen of the State where he or she is domiciled.  *See* 28 U.S.C. § 1332(a)(1); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile.  *Mondragon*, 736 F.3d at 885–86, citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence … is *prima facie* proof of his domicile."). The Complaint states that "Defendants engaged in, and continue to engage in, business, and employed Plaintiff and other, similarly situated non-exempt employees within San Bernardino County, and the State of California…." **Ex. 1** at ¶ 4.  Plaintiff alleges that the proposed class consists of persons located in the State of California or who worked in California.  **Ex. 1** at ¶ 16.  Plaintiff, and the purported class, therefore, at all times since the commencement of this action, have been residents and citizens of California.

14.    **KEHE's Citizenship.**  At the time Plaintiff filed the Complaint in the State Court, KEHE was (and remains) a citizen of states other than California. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See Hertz Corp.*

*v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010) (determining that a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located).  At the time Plaintiff's complaint was filed on or about April 16, 2025, KEHE was and continues to be, a corporation formed in the state of Delaware. Mallot Decl., ¶ 4.

15.    KEHE is headquartered in Naperville, Illinois.  Mallot Decl., ¶ 5. Illinois is where KEHE's high level officers direct, control, and coordinate the company's activities.  *Id*.  Neither California, nor any other state in which KEHE operates, contain a substantial predominance of the company's operations. Therefore, KEHE's "nerve center" is in the State of Illinois.  In accordance with *Hertz Corp v. Friend*, KEHE is a citizen of the States of Delaware and Illinois, as provided in 28 U.S.C. §1332(c) and is not a citizen of California.

16.    Accordingly, because at least one putative class member is a citizen of a different state than KEHE, CAFA's requirement for minimal diversity is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant").

17.    Based on the foregoing, Plaintiff and KEHE are citizens of different States.  28 U.S.C. § 1332(d)(2)(A).

18.    Moreover, the citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. 28 U.S.C. § 1441(a); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990).

## PUTATIVE CLASS EXCEEDS 100 CLASS MEMBERS

19.    CAFA requires that the putative class be comprised of at least 100 persons.  See 28 U.S.C. § 1332(d)(5)(B).  This requirement is satisfied here.

20.    Plaintiff brings this action on behalf of a putative class comprised of the following individuals: "[a]ll current and former non-exempt employees of Defendants in the State of California who earned incentive compensation,

including shift differentials, and overtime wages, meal period premiums wages, and/or paid sick leave wages in the same workweek, during the four years immediately preceding the filing of this action through the present" (the Regular Rate Class); "[a]ll current and former non-exempt employees of Defendants in the State of California who received a wage statement, during the one year immediately preceding the filing of this action through the present"; and "[a]ll of Defendants' formerly employed members of the Regular Rate Class during the three years immediately preceding the filing of this action through the present." **Ex. 1** at ¶¶ 16(a)–(c).

21.    Currently, KEHE employs approximately 696 hourly employees in the State of California.  Huerta Decl., ¶ 3.  Therefore, the putative class includes over 100 class members and CAFA's requirement is satisfied in this action.

## AMOUNT IN CONTROVERSY

22.    To confer subject-matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold.  *Id.* § 1332(d)(6).

23.    **The Amount in Controversy Exceeds $5,000,000.**  Plaintiff does not specify a damages sum in his Complaint.  Notwithstanding the fact that Plaintiff fails to specify the dollar amount of damages being sought in the Complaint, the allegations of the Complaint demonstrate that Plaintiffs seeks damages in excess of the jurisdictional requirement of $5,000,000.  Economic damages, statutory penalties, and attorneys' fees are all included in determining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002).

FP 55349443.1

24.     Although KEHE denies Plaintiffs' allegations and denies that the putative class is entitled to any relief from KEHE, in determining the amount in controversy the Court must assume the allegations in the Complaint are true. Further, a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds [this] jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.  CAFA's amount-in-controversy requirement is satisfied under these pleading standards.

25.     While KEHE denies Plaintiff's claim of wrongdoing and denies that Plaintiff is entitled to any requested relief, the facial allegations in Plaintiff's complaint and the total amount of wages, penalties, attorneys' fees, and other monetary relief at issue in this action is in excess of this court's jurisdictional minimum.  *Saulic v. Symantec Corp.*, 2007 WL 5074883, *7–9 (C.D. Cal. 2007) (finding jurisdictional limits were satisfied under CAFA after considering facts presented in notice of removal, along with plaintiff's allegations); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (evidentiary submissions were not required to raise plausible allegations that the amount in controversy exceeded CAFA's $5 million jurisdictional threshold).  KEHE is permitted to make reasonable assumptions, follow "a reasonable chain of logic," and make reasonable calculations to plead that the amount in controversy exceeds the CAFA threshold. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015) ("[D]efendants relied on a reasonable chain of logic and presented sufficient evidence to establish that the amount in controversy exceeds $5 million.").

26.     Where plaintiffs allege that a defendant has "'adopted and maintained uniform policies, practices and procedures' that caused the purported violations of California's [laws]…[i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied." *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, *4

8

FP 55349443.1

(C.D. Cal. May 21, 2015).  In that instance, "a 100% violation rate is not an unreasonable assumption to use in estimating the amount in controversy in light of the allegations in the [complaint]." *Id*.

27.     Here, Plaintiff alleges Defendant maintained policies and practices of not paying Plaintiff and putative class members for all time worked, failing to incorporate multiple rates of pay and/or all non-discretionary remuneration into the regular rate of pay, failing to pay meal period premiums at the correct regular rate of compensation, failing to incorporate multiple rates of pay and/or all non-discretionary remuneration into the paid sick leave pay rate, issuing inaccurate wage statements, and failing to timely pay all final wages upon employees' separation of employment. **Ex. 1**, ¶¶ 11–14.

28.     Therefore, the amount in controversy easily exceeds the sum of $5,000,000 exclusive of interest and costs, based on the following allegations and evidence. **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for the purposes of the Notice of Removal that liability is established.**

29.     **Putative Class Members.**  According to KEHE records, there are approximately 696 hourly individuals currently employed by KEHE in the state of California.  Huerta Decl. at ¶ 3.  For purposes of computing the amount in controversy, KEHE used a conservative hourly rate based on the minimum wage in California at the approximate start of the class period (2021): $14.00. This rate represents the floor of what employees were paid during the class period.

30.     **Meal Period Claim.**  Plaintiff alleges in his second cause of action for meal period violations that "Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including Plaintiff and members of the Regular Rate Class, with all legally compliant meal periods in accordance with the mandates of the Labor Code and Wage Order 7, § 11." **Ex. 1**,

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446

FP 55349443.1

¶ 29.  Accordingly, Plaintiff asserts that he and the putative class members are owed an hour of additional pay for noncompliant meal periods for each workday such periods were not provided at the respective regular rates of pay for Plaintiff and the putative class members.  *Id.* at ¶ 30–31.  Where, as here, Plaintiff's meal period claim is also asserted as part of a separate claim under California's Unfair Competition Law ("UCL") (i.e., Plaintiff's fifth cause of action), a four-year limitations period applies.  *See Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 179 (2000) ("*Any* action on *any* UCL cause of action is subject to the four-year period of limitations created by that section.") (emphasis in original); *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, 1103 (2007) (meal and rest period premiums are wages); *Pineda v. Bank of Am., N.A.*, 50 Cal.4th 1389, 1401 (2010) (unpaid wages recoverable as restitution under the UCL).

31.    The class data here reveals that approximately 696 hourly employees are employed by KEHE in California.  Huerta Decl., ¶ 3.  Assuming three days per employee per week with one noncompliant meal period per day (either because it was interrupted or not taken at all), each employee would be entitled to three additional hours of pay for each week they worked over the 48-month (or 192 work week) statute of limitations period.  Thus, using this conservative measure results in an amount in controversy just on Plaintiffs' meal period claim alone of 5,612,544.00 ($14.00 [one hour of pay] x 3 days per workweek x 192 workweeks x 696 employees).

32.    Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims, more than exceeds the minimum threshold of $5,000,000.  Notably, the foregoing analysis and calculation does not include Defendant's additional potential liability for Plaintiff's causes of action for unpaid wages, failure to provide accurate wage statements, waiting time penalties, and unfair business practices or assessment of attorneys' fees. This analysis is not needed to demonstrate that the matter in controversy here

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446

FP 55349443.1

1    definitively exceeds the sum or value of $5 million, exclusive of interest and costs.

2    33.    By removing this matter, KEHE does not waive and, to the contrary,

3    reserves any rights it may have, including, without limitation, all available

4    arguments and defenses.  "The amount in controversy is simply an estimate of the

5    total amount in dispute, not a prospective assessment of defendant's liability."

6    *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

7    <u>**FEDERAL QUESTION JURISDICTION**</u>

8    35.    In addition, Plaintiff's Superior Court Action is a civil action over

9    which this District Court has original subject matter jurisdiction pursuant to 29

10   U.S.C.§ 185(a) and 28 U.S.C. §§ 1331, 1332 and 1337, and is one that may be

11   properly removed to this District Court pursuant to 28 U.S.C. § 1441, in that:

12       a. At all times material herein, Defendant KeHE Distributors, Inc. was

13   an employer employing employees in an industry affecting commerce within the

14   meaning of Sections 2(2) and 2(7) of the Labor Management Relations Act of 1947

15   ("LMRA"), as amended, 29 U.S.C. §§ 152 (2), (7).

16       b. At all times material herein, Defendant KeHE Distributors, Inc. was a

17   party to a collective bargaining agreement ("CBA") which governed the

18   employment of certain employees, including Plaintiff.  A true and correct copy of

19   this CBA is attached to the Declaration of Lupe Huerta as **Exhibit A**. Among other

20   things, this CBA provides, at page 10–12, Articles 17 and 18, with respect to hours

21   of work, payday, and meal periods, as follows:

22   The EMPLOYER guarantees that the work day shall be eight (8)
     hours, or ten (10) hour days for employees who work for four (4), ten
23   (10) hour days.  In the event that all work is completed, an employee
     may leave early if excused by the EMPLOYER, but the employee will
24   only be paid for the time worked. …
25
26   The EMPLOYER guarantees that any work performed on a sixth (6th)
     day worked in a work week for a five (5) day, eight (8) hour week
27   shall be paid at the rate of time and one-half and any work performed
     on a sixth (6th) day worked in a work week for a four (4) day, ten (10)
28

11

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446

FP 55349443.1

hour work week shall be paid at double time; and any work performed on the seventh (7th) day worked in a work week for a five (5) day, eight (8) hour work week or in excess of ten (10) hours for a four (4) day, ten (10) hour work week shall be paid at double time. Time and one-half shall be paid for all work performed in excess of eight hours for a five (5) day, eight (8) hour work week or in excess of ten (10) hours for a four (4) day, ten (10) hour work week in any one continuous shift, excluding lunch, or in excess of forty hours in any one work week. Double time shall be paid for all work performed in excess of twelve hours in any one continuous shift.

Except for acts of God, Machine and System failure, Power Outages and Natural Disasters, the COMPANY shall post notice of known overtime as soon as possible, but no later than by an employee's last regularly scheduled break. The top fifty percentage (50%) of employees by seniority in each department not receiving notice by their last regularly scheduled break will be asked but cannot be forced to work the overtime.

The COMPANY will post a "No Overtime Requested" bid every sixty (60) days. All regular employees will be given the opportunity to elect whether they wish to decline daily overtime work and sixth (6th) or seventh (7th) day overtime work for the succeeding sixty (60) day period. Bid awarded employees that elected to decline to work overtime, will not be offered, nor can they claim, overtime during the sixty (60) day period. "No Overtime Requested" bids will be awarded to not more than 5% of the regular employees in each shift, not to be less than one (1) employee per shift, on a rotating basis starting with the most senior and rotating through the list so that all bidders have an equal opportunity to decline overtime. The election to decline overtime work shall not be effective during any week in which this AGREEMENT provides for a paid holiday.

An employee called into work outside of his/her normal shift with less than three (3) days prior notice shall be paid at the rate of time and one-half (1 ½) of his/her straight time hourly rate for all hours worked outside of his/her regular shift.

If an employee experiences a shift change, whether voluntary or involuntary, but is given the above mentioned three (3) day notice, said employee shall not be entitled to overtime pay or double time due to lack of days off. … Further, if an employee suffers such a shift

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446

FP 55349443.1

change, the employee shall be entitled, at his/her option, to take one additional day off without pay prior to starting his/her new shift.

Payday shall be weekly for all Warehouse employees and every other week for all drivers.  The pay rates for the employees shall be as set forth in the Appendices attached hereto and incorporated herein by reference. …

The COMPANY agrees that employees may clock in and proceed to work five (5) minutes prior to the starting time of their shift.  Pay will commence at clock-in time.

A Sunday premium of $0.50 an hour for all hours worked for shifts that begin on Sunday will be paid to each Warehouse employee when no regularly scheduled employees call off work. …

Rest periods will be taken in compliance with CA and Federal Wage and Hour laws.

There will be a forty-five (45) minute lunch period without pay for all shifts to be taken approximately mid-shift, but no later than before the completion of the 5th hour of the shift to the extent possible and as is practical for the operation of the shift.  There will be a second unpaid one-half (1/2) hour lunch period to be taken before completion of the 10th hour of work.  Any employee who works more than ten (10) hours per day must take a second meal period of not less than thirty (30) minutes, except that if the total hours worked are no more than twelve (12) hours, the second meal period may be waived by mutual consent.

     c. Plaintiff's Complaint purports to state claims for overtime wage violations; meal period violations; wage statement penalties; and waiting time penalties.  King Decl., **Ex. 1**.  All of these claims in Plaintiff's Complaint, as well as the applicability of the above-quoted procedures for hours of work, payday, and meal periods, arise out of or require the interpretation of the CBA governing Plaintiff's employment with Defendant KeHe Distributors, Inc.  As such, this District Court has jurisdiction over the Complaint pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.  See, e.g., *Lingle v. Norge Div. Of Magic Chef*, 486 U.S. 399, 405-06 (1988); *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987); *Firestone*

*v. Southern Cal. Gas Co.*, 281 F.3d 801 (9th Cir. 2002); *McCormick v. AT&T Technologies, Inc.*, 934 F.2d 531, 534-37 ( 4th Cir. 1991 ); *Jackson v. Southern Cal. Gas Co.*, 881 F.2d 638, 645-46 (9th Cir. 1989).

d. The Complaint establishes that some or all of the claims involve a federal question since they arise under a law of the United States, i.e., the LMRA. Thus, this District Court has jurisdiction over the Complaint pursuant to 28 U.S.C. §1331.

e. The Complaint establishes that some or all of the claims arise under an Act of Congress regulating commerce, namely, the LMRA.  As such, this District Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1337.

f. To the extent the Complaint asserts claims that do not arise under the LMRA, this District Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1367 and 1441(c), and the doctrine of supplemental jurisdiction.  *California Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1092 (9th Cir. 2008).

## **ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

36. **Venue and Intradistrict Assignment.**  Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  *See Polizzi v. Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending).  This Court (the Eastern Division of the Central District of California) embraces the San Bernardino County Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending.  Accordingly, this Court is the appropriate federal district court to which to remove this action.

37. **Notice of Removal.**  As required by 28 U.S.C. section 1446(d), a copy

14

DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446

FP 55349443.1

of the Notice of Removal will be attached to a document entitled Notice to Adverse Parties and State Court of Defendant KEHE's Filing of Notice of Removal, attached as **Ex. 4** to King Decl., which will be promptly served on Plaintiff's counsel of record and filed with the Clerk of the Superior Court of the State of California, in and for the County of San Bernardino.

38.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on KEHE or filed by KEHE are attached to the Notice of Removal as **Exs. 1-3**.

## CONCLUSION

Sufficient minimal diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and KEHE is a citizen of Illinois and Delaware.  Furthermore, the amount in controversy exceeds $5,000,000.  Moreover, the putative class exceeds 100 members.  Finally, no exceptions apply pursuant to CAFA. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and KEHE has properly removed the State Court Action to this Court.  KEHE reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.


Dated: July 2, 2025                     FISHER & PHILLIPS LLP


                                        By:   /s/ Lirit A. King
                                        Todd B. Scherwin
                                        Danielle S. Zobel
                                        Lirit A. King
                                        Attorneys for Defendant
                                        KEHE DISTRIBUTORS, INC.

FP 55349443.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On July 2, 2025, I served the foregoing document entitled: **DEFENDANT KEHE DISTRIBUTORS, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1332, 1441 AND 1446**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| William C. Sung | *Attorney for Plaintiff, JEREMIAH* |
| Tiffany L. Luu | *CALDERON* |
| Joseph C. Ramli | |
| JUSTICE FOR WORKERS, P.C. | william@justiceforworkers.com |
| 9575 Bolsa Ave. | tluu@justiceforworkers.com |
| Westminster, CA 92683 | jramli@justiceforworkers.com |

☒  **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐  **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed July 2, 2025 at Los Angeles, California.

| | | |
|---|---|---|
| Cina Kim | By: | */s/ Cina Kim* |
| Print Name | | Signature |

FP 55349443.1